UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

JEFFERY BERNIER,                )
                                )
    Plaintiff                   )
                                )
v.                              )   No. 1:14-cv-29-JHR
                                )
CAROLYN W. COLVIN,              )
Acting Commissioner of Social Security,  )
                                )
    Defendant                   )

# *MEMORANDUM DECISION*[1]

This Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal raises the question of whether the administrative law judge supportably found the plaintiff capable of returning to past relevant work as an airplane cleaner or a truck loader/material handler. The plaintiff seeks remand on the basis that this finding was predicated on a determination of his residual functional capacity ("RFC") that is unsupported by substantial evidence. *See* Plaintiff's Itemized Statement of Errors ("Statement of Errors") (ECF No. 11) at 2-7. I agree and, accordingly, vacate the decision and remand this case for further proceedings consistent herewith.

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.1520, 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the

---

[1] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me on December 12, 2014, pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record. The parties have consented to have me conduct all proceedings in this matter, including the entry of judgment. ECF No. 17.

1

administrative law judge found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act through March 31, 2012, Finding 1, Record at 13; that he had severe impairments of depression, anxiety disorder, attention deficit hyperactivity disorder ("ADHD"), and avoidant personality disorder, Finding 3, *id.*; that he had the RFC to perform a full range of work at all exertional levels but with the following nonexertional limitations: he was limited to routine tasks, meaning nothing greater than semi-skilled work, with only occasional decision making and no more than occasional workplace changes, and he would have the ability to interact with members the public but would not be able to tolerate the responsibility of addressing their complaints or concerns, Finding 5, *id.* at 16; that he was capable of performing past relevant work as an airplane cleaner or a truck loader/material handler, which did not require the performance of work-related activities precluded by his RFC, Finding 6, *id.* at 21; and that he, therefore, had not been disabled from December 1, 2007, his alleged onset date of disability, through the date of the decision, August 10, 2012, Finding 7, *id.* at 22. The Appeals Council declined to review the decision, *id.* at 1-3, making the decision the final determination of the commissioner, 20 C.F.R. §§ 404.981, 416.1481; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 4 of the sequential evaluation process, at which stage the claimant bears the burden of proving inability to return to past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). At this step, the commissioner must make findings of the plaintiff's RFC and the physical and mental demands of past work and determine whether the plaintiff's RFC would permit performance of that work. 20 C.F.R. §§ 404.1520(f), 416.920(f); Social Security Ruling 82-62 ("SSR 82-62"), reprinted in *West's Social Security Reporting Service* Rulings 1975-1982, at 813.

## I. Discussion

In determining the plaintiff's RFC, the administrative law judge effectively rejected all three expert opinions of record bearing on his mental impairments. He gave little weight to the opinions of agency nonexamining consultants David Margolis, Ph.D., and Martin Koretzky, Ph.D., that the plaintiff's mental impairments were nonsevere, and little weight to the opinion of treating psychologist Fredric Kristal, Ph.D., that the plaintiff had marked limitations in his ability to sustain concentration and pace and to adapt, and that his longstanding depression and social anxiety would make it difficult for him to adapt to the pressures and demands of a typical work setting or to carry out the demands of a job that involved memory and concentration. *See* Record at 21.

Then, the administrative law judge crafted the plaintiff's RFC based on the raw medical evidence and other evidence of record, including the plaintiff's own statements. *See id*. at 17-21. As this court has noted, "an adjudicator's RFC assessment must be supported by substantial evidence." *Bard v. Social Sec. Admin. Comm'r*, 736 F. Supp.2d 270, 277 (D. Me. 2010). "Unless the degree of limitation would be obvious to a layperson as a matter of common sense, an administrative law judge lacks the qualifications to determine RFC based on raw medical evidence and must rely on the findings of a medical expert." *Id*.

In her brief and at oral argument, the commissioner contended that the administrative law judge made a commonsense judgment in this case, citing *Gordils v. Secretary of Health & Human Servs.*, 921 F.2d 327 (1st Cir. 1990), and two of its progeny in this court, *Kenney v. Colvin*, No. 2:13-cv-296-GZS, 2014 WL 3548986 (D. Me. July 17, 2014), and *Dandreo v. Astrue*, Civil No. 09-347-P-H, 2010 WL 2076090 (D. Me. May 20, 2010) (rec. dec., *aff'd* June 9, 2010). *See* Defendant's Opposition to Plaintiff's Itemized Statement of Specific Errors ("Opposition") (ECF No. 14) at 4.

In *Gordils*, the First Circuit held that an administrative law judge justifiably considered the report of an examining consultant evidence for the conclusion that a claimant retained the RFC to perform a full range of sedentary work when the consultant found no evidence of a disabling back impairment beyond the observation that the claimant likely had a "weaker back." *Gordils*, 921 F.2d at 329.

In *Kenney*, this court held that an administrative law judge made a permissible commonsense judgment that a claimant was "capable of performing at least medium work based on [her] own statement that she could perform heavy work well, as of the time her final job ended, as well as the absence of any indication from [a treating source's] objective findings on examination that her condition worsened after that time." *Kenney*, 2014 WL 3548986, at *5. The court noted that this commonsense judgment was bolstered by other evidence, including an agency examining consultant's relatively benign findings on examination and evidence of the performance of activities inconsistent with the claimant's allegations of disabling pain and functional limitation. *See id.*

In *Dandreo*, this court held that an administrative law judge made a permissible commonsense judgment that a claimant could not perform repetitive fine manipulation by crediting

4

the plaintiff's own testimony at hearing that she had such a limitation. *See Dandreo*, 2010 WL 2076090, at *5-*6.

The commissioner argues that in this case, as in *Kenney* and *Dandreo*, the administrative law judge made a commonsense judgment premised on the plaintiff's own statements, including his testimony that:

1. His most recent job as an airplane cleaner ended in 2007 when the company left the area, and he attributed the social anxiety he suffered on that job to an abrasive supervisor. *See* Opposition at 5. He continued to look for work afterward and attributed his failure to secure a new job to the economy. *See id*. Even prior to obtaining his airplane cleaner job, he had suffered from emotional problems that resulted in some jobs not working out for him. *See id*.

2. He went running on a regular basis, went to the library and went shopping, albeit with alleged limitations in the latter two activities. *See id*. at 8.

3. He read, watched television, was learning Japanese, *see id*., and was able to work on an electronics project, telling a treatment provider in April 2012 that he could concentrate on his project, had good energy, and his depression was "all but gone[,]" *id*. at 7 (quoting Record at 436).

The commissioner contends that the administrative law judge reasonably inferred, based on the plaintiff's testimony that he could run, go to the library, and shop, as well as treatment notes indicating that he was cooperative, that he could deal with the public on at least a superficial level. *See id*. at 8. She adds that he reasonably inferred, based on the plaintiff's testimony that he could read, watch television, and was learning Japanese, as well as treatment notes reflecting relatively normal mental status examinations, that he suffered few limitations in his ability to concentrate, maintain attention, or learn information, and that those few limitations effectively correlated to a

restriction to only routine tasks/semiskilled work, only occasional decision-making, and handling only occasional workplace changes. *See id.*; *see also id.* at 6-7.

She contends that the finding that the plaintiff could return to his past relevant work as an airplane cleaner is consistent with his own testimony that his emotional problems extended back to the time he performed that work, and he continued to perform it for three years. *See id.* at 9. She asserts that there was no indication that the plaintiff's condition had changed from December 2007 to December 2010, when he began seeking regular mental health treatment, or February 2011, when he applied for disability benefits, and that, although the plaintiff alleged his condition had since worsened, the treatment notes and his activities suggested otherwise. *See id.*

Yet, as the plaintiff's counsel countered at oral argument, *Kenney* and *Dandreo* are distinguishable in that, in those cases, administrative law judges relied on claimants' descriptions of their physical capabilities and limitations. No translation was required: the claimants said that they could do or not do certain things, and the administrative law judges simply credited that testimony. Here, as the plaintiff's counsel observed, his client never testified that he could interact to a certain extent with the public or handle routine tasks/semiskilled work and occasional decision-making and workplace changes.

As counsel for the commissioner responded, it is possible to draw reasonable inferences regarding a person's capabilities from levels of activity, even in the case of claimed restrictions from mental impairments. She persuasively argued that the administrative law judge did so here when he inferred, based on the plaintiff's statements that he went running, visited the library, and shopped, that he could tolerate at least incidental contact with the public. Nonetheless, the administrative law judge overstepped the boundaries of his competence as a layperson in delineating the plaintiff's capabilities in the area of concentration, persistence, and pace. Even

6

granting that the plaintiff's ability to read, watch television, learn Japanese, and work on an electronics project suggests some capacity to concentrate and persist, it does not suggest, as a matter of commonsense judgment, that he retained the ability on a full-time basis to handle routine tasks/semiskilled work, occasional decision-making, and occasional workplace changes.[2]

The RFC finding, hence, is unsupported by substantial evidence. This, in turn, undermined the relevance of the vocational expert's testimony that a person with the posited RFC could perform the plaintiff's past relevant work. *See Arocho v. Secretary of Health & Human Servs.,* 670 F.2d 374, 375 (1st Cir. 1982) (responses of a vocational expert are relevant only to the extent offered in response to hypothetical questions that correspond to the medical evidence of record). Reversal and remand, accordingly, are warranted.

## II. Conclusion

For the foregoing reasons, the commissioner's decision is **VACATED**, and the case is **REMANDED** for proceedings consistent herewith.

Dated this 2nd day of January, 2015.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge

---

[2] The commissioner cited *Henderson v. Astrue*, No. 2:10-cv-122-GZS, 2011 WL 1130880, at *2 (D. Me. Mar. 25, 2011) (rec. dec., *aff'd* Apr. 12, 2011), for the proposition that the administrative law judge explained how he translated, *inter alia*, his finding of moderate difficulties in concentration, persistence, or pace into functional restrictions. *See* Opposition at 7-8; *Henderson*, 2011 WL 1130880, at *2 ("[I]t is the absence of explication by the decision-maker of the reasoning leading from such moderate limitations to [the functional restriction at issue], rather than the fact that such a conclusion was drawn, that requires remand."). The administrative law judge may have adequately explained how he determined that the plaintiff's limitations were moderate, but he did not explain how he translated that finding into particular functional restrictions. He merely stated that the evidence that he had outlined (which included the fact that the plaintiff watched television, read, and was learning Japanese) supported the finding that he could perform routine tasks and no greater than semi-skilled work as long as he only engaged in occasional decision-making and encountered no more than occasional workplace changes. *See* Record at 20.